# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
MITCHELL L. POSIN, BAR NO. 2840.

No. 82339

FILED

FEB 19 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Mitchell L. Posin. Under the agreement, Posin admitted to violating RPC 1.1 (competence), RPC 1.3 (diligence), and RPC 8.4(d) (misconduct) and agreed to an 18-month suspension.

Posin has admitted to the facts and violations as part of his guilty plea agreement. The record thus establishes that he violated the above-listed rules by failing to file a notice of appearance or opening brief and failing to inform a client about the outcome of a small claims appellate matter, which was dismissed as a result of Posin's lack of diligence; failing to respond to requests for admissions and timely oppose a summary judgment motion on behalf of a plaintiff in a quiet title action, resulting in the motion being granted in favor of the defendant; and failing to conduct discovery and appear at trial in a misdemeanor criminal matter, resulting in a bench warrant for the client, and failing to move to quash the warrant.

21-04955

The issue for this court is whether the agreed-upon discipline sufficiently protects the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining the purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Posin admitted to knowingly violating duties owed to his client (competence, communication, and diligence) and to the profession (misconduct). His clients suffered actual injury because two had cases decided against them without an opportunity to be heard on the merits, and one had a bench warrant issued against him and had to retain new counsel to resolve the matter. The baseline sanction for such misconduct, before considering aggravating or mitigating circumstances, is suspension. Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.42 (Am. Bar Ass'n 2017) (providing suspension is appropriate when "a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client"). The record supports the panel's findings of four aggravating circumstances (prior discipline for substantially similar conduct, pattern of misconduct, multiple offenses, and substantial experience in the practice of law) and two mitigating circumstances (absence of dishonest or selfish motive and cooperative attitude toward the proceeding). Considering all four factors, we conclude that the agreed-upon discipline is appropriate.

Accordingly, commencing from the date of this order, we hereby suspend attorney Mitchell Posin from the practice of law in Nevada for 18 months. Posin shall pay the costs of the disciplinary proceedings, including $2,500 under SCR 120, within 30 days from the date of this order, if he has not done so already. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.          _____, J.
Parraguirre                           Stiglich

_____, J.          _____, J.
Cadish                                Silver

_____, J.          _____, J.
Pickering                             Herndon

cc:   Chair, Southern Nevada Disciplinary Board
Pitaro & Fumo, Chtd.
Bar Counsel, State of Nevada
Executive Director, State Bar of Nevada
Admissions Office, U.S. Supreme Court